IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


CURTIS DALE,

    Petitioner,

vs.                                         Case No. 4:08cv124-SPM/WCS

WALTER A. McNEIL,

    Respondent.

_____/


## REPORT AND RECOMMENDATION TO DISMISS § 2254 PETITION

    Petitioner, proceeding pro se, filed a 28 U.S.C. § 2254 petition. Doc. 1. The court granted leave to proceed in forma pauperis, and directed Petitioner to "submit[] any argument or evidence to show that the § 2254 petition is not untimely for the reasons set forth" in the order. Doc. 4. The order is incorporated by reference, though much of it is repeated here for convenience on review.

    Petitioner challenges the judgment of the Second Judicial Circuit, Gadsden County, entered December 14, 1994. Doc. 1, p. 1. He indicates that the judgment was affirmed on April 8, 1996, and he did not seek rehearing or file a petition for writ of

certiorari. *Id.*, p. 2. Petitioner claims he filed a Fla.R.Crim.P. 3.850 motion on November 8, 2005, which was denied and denial affirmed on appeal on April 10, 2007. *Id.*, pp. 2-3. Petitioner also states that he filed a state court petition for writ of habeas corpus on June 20, 2007, which was denied on September 17, 2007, and remained pending on appeal at the time the § 2254 petition was filed. *Id.*, p. 7. The appeal was recently dismissed for lack of jurisdiction as untimely. Dale v. State, __, So.2d __, 2008 WL 1930173 (Fla. 1st DCA May 05, 2008) (No. 1D08-0553).

As amended by the Antiterrorism and Effective Death Penalty Act (AEDPA), effective April 24, 1996, there is a one year time limit for filing a § 2254 petition. § 2244(d)(1). The period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." § 2244(d)(1)(A). Later dates which may commence the period are the date on which an unconstitutional impediment which prevented the applicant from filing is removed; the date on which the right asserted was recognized by the Supreme Court and made retroactive on collateral review; and "the date on which the factual predicate for the claim or claims presented could have been discovered through the exercise of due diligence." § 2244(d)(1)(B)-(D). The limitations period is tolled for the time during which a "properly filed" application for relief is pending in state court. § 2244(d)(2). The time may also be equitably tolled, but "only if a petitioner establishes *both* extraordinary circumstances and due diligence." Diaz v. Secretary for Dept. of Corrections, 362 F.3d 698, 702 (11th Cir. 2004) (citation omitted, emphasis in original).

The judgment of conviction was affirmed on March 19, 1996. Dale v. State, 669 So.2d 1112 (Fla. 1st DCA 1996).[1] In that opinion the court certified a question to the Florida Supreme Court as a matter of great public importance, and review was granted on July 11, 1996. Dale v. State, 678 So.2d 337 (Table) (Fla. 1996). The certified question was answered and the prior opinion approved; rehearing was denied on January 9, 1998. Dale v. State, 703 So.2d 1045 (Fla. 1997). It is assumed, without deciding, that this extended the date on which Petitioner's conviction became final to no later than April 9, 1998 (90 days from the denial of rehearing).[2]

Absent a later commencement date or other tolling activity, therefore, Petitioner had to file a § 2254 petition no later than April 9, 1999. By the time he filed the Rule 3.850 motion in November of 2005, there was no time remaining to be tolled. *See* Tinker v. Moore, 255 F.3d 1331, 1333, 1335 an n. 4 (11th Cir. 2001), *cert. denied*, 534 U.S. 1144 (2002) ("[w]e remind petitioners that a properly and timely filed petition in state court only tolls the time remaining within the federal limitation period.").

Petitioner argues here, as he asserted in the Rule 3.850 motion, that his claim is based on newly discovered evidence. Specifically, Petitioner asserts that counsel was ineffective for failure to convey to him a plea offer, which he would have accepted and

---

[1] Petitioner gives the date as April 8, 1996, probably the date the mandate issued.

[2] A judgment is final for purposes of § 2244(d)(1)(A) when the 90 day period for filing a petition for writ of certiorari expires, even if the petitioner does not seek review by certiorari. Clay v. United States, 537 U.S. 522, 527, 123 S.Ct. 1072, 1076, 155 L.Ed.2d 88 (2003); Nix v. Sec'y for the Dep't of Corrections, 393 F.3d 1235, 1236-37 (11th Cir. 2004), *cert. denied*, 545 U.S. 1114 (2005) (citing Clay, other citations omitted). The 90 days runs from the entry of the judgment rather than the mandate, or (if rehearing is sought and denied) from the denial of rehearing. S.Ct. Rule 13.3.

Case No. 4:08cv124-SPM/WCS

would have resulted in a lesser sentence. Doc. 1, p. 4. The evidence to support this claim – a letter from the state attorney offering a 25 year habitual felony offender sentence – was discovered in a file not received by Petitioner until July 5, 2005. *Id.*, pp. 5-6. Petitioner received the file as a result of a series of letters to Kathleen Stover, beginning with a letter on March 14, 2005. *Id.*, p. 4.

The one year can commence from the date that a factual predicate "could have been discovered through the exercise of due diligence." § 2244(d)1)(D). On the face of the petition, it appeared that Petitioner made no attempt to obtain his file until March of 2005, some nine years after the conviction was initially affirmed on appeal, and almost seven years from the latest possible date on which the judgment became final. The court in its last order therefore saw no indication that Petitioner exercised due diligence in obtaining this information, but provided Petitioner the opportunity to respond.

Petitioner filed an answer to the order to show cause. Doc. 5.[3] He argues that this case is similar to Cain v. Rideau, 533 U.S. 924, 121 S.Ct. 2539, 150 L.Ed.2d 708 (2001). Doc. 5, pp. 3-5, doc. 6, pp. 3-5. That was not an opinion, however; the citation is to the denial of certiorari in Rideau v. Whitley, 237 F.3d 472, 477 (5th Cir. 2000). In the Fifth Circuit case, *the AEDPA did not apply* because the petition was filed *before* April 26, 1996, the effective date of the AEDPA. 237 F.3d at 477, n. 2. Instead, the court applied former § 2254 Rule 9(a), which authorized dismissal based on unreasonable delay, but also required the state to make a particularized showing of

---

[3] The second answer filed, doc. 6, is identical to the first and was mailed on the same date. They were separately filed apparently because they were received by the clerk some five days apart.

Case No. 4:08cv124-SPM/WCS

prejudice due to the delay.  Davis v. Dugger, 829 F.2d 1513, 1518-19 (11th Cir.1987) (citations omitted).  See also Smith v. Jones, 256 F.3d 1135, 1143 and n. 8 (11th Cir. 2001), *cert. denied*, 534 U.S. 1136 (2002) ("[b]efore the enactment of the AEDPA the law was settled everywhere that there was no limitations period for filing §§ 2254 and 2255 petitions, although laches principles might apply in extreme cases," noting in the footnote that laches rarely applied even in cases of extreme delay) (citations omitted).

But Petitioner's conviction became final, and he filed his § 2254 petition, *after* the effective date of the AEDPA.  He also filed his petition after § 2254 9(a) had been amended to reflect changes in light of the AEDPA.[4]  Rule 9(a) was "deleted as unnecessary in light of the applicable one-year statute of limitations for § 2254 petitions, added as part of the [AEDPA], 28 U.S.C. § 2244(d)."  § 2254 Rule 9, Advisory Committee Notes, 2004 Amendments.[5]  The Respondent is no longer required to demonstrate prejudice to obtain dismissal of an untimely petition.

Further, the claim that untimeliness must first be raised and proven by Respondent is not accurate, the court may raise the issue sua sponte.  See Jackson v.

---

[4] The Rules Governing § 2254 Proceedings were finally amended in 2004, to reflect changes from the 1996 AEDPA.

[5] Former 9(b), now Rule 9, was changed to reflect the requirement that a Petitioner obtain approval from the court of appeals before filing a second or successive motion.  *Id.*  After the AEDPA was first enacted, petitioners whose convictions were final before the effective date were generally given a one year grace period from that date in which to file.  Wilcox v. Florida Dept. of Corrections, 158 F.3d 1209 (11th Cir. 1998).  This did not limit the power of courts to dismiss petitions, filed within that one year grace period, due to unreasonable and prejudicial delay under Rule 9(a).  158 F.3d 1209 at 1211, n. 6 (citation omitted).

Secretary for Dept. of Corrections, 292 F.3d 1347, 1349 (11th Cir. 2002) (collecting cases).

Petitioner claims due diligence based on his "repeated letters to Appellate Counsel, Ms. Kathleen A Stover, Esq.," referencing doc. 1, pp. 4-6. Doc. 5, p. 3. He claims that transcripts and letters "were not only unavailable but weren't even known about as to their whereabouts for years." Id., p. 5. Petitioner claims that Stover wrote a letter indicating the record on appeal was sent in December of 1998, but she failed to say where it was sent. Id., p. 6. Petitioner claims that he always kept his whereabouts known to the courts, yet "was without the benefit of his court records" for years, which "hardly can be laid at Petitioner's feet as a reason for dismissal for his petition based on such delay." Id.

By his own statement, Petitioner did not begin writing to appellate counsel until March of 2005. Petitioner does not explain the failure to take action prior to that date, and his efforts long after his time expired are beside the point. The one year period began, at the latest, on April 9, 1998. The time limits of both the AEDPA (one year) and for seeking Fla.R.Crim.P. 3.850 relief (two years) were in place at that time. Petitioner could have contacted counsel for the record within a reasonable amount of time after the conclusion of appellate proceedings, not some seven years later. Petitioner's attempt to obtain and search the record for possible federal or other post conviction claims could not be taken at his leisure. Due diligence has not been alleged or shown, and the current § 2254 petition is clearly untimely.

It is therefore respectfully **RECOMMENDED** that the § 2254 petition (doc. 1), challenging Petitioner's 1994 conviction out of the Second Judicial Circuit, Gadsden County, be **SUMMARILY DISMISSED** as untimely.

**IN CHAMBERS** at Tallahassee, Florida, on May 13, 2008.


　　　　　　　　　　　　　　　　　S/     William C. Sherrill, Jr.
　　　　　　　　　　　　　　　　**WILLIAM C. SHERRILL, JR.**
　　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**